## Case No. 1,813.

### In re BRANDT.

[2 N. B. R. 345 (Quarto, 109).] [1]

District Court, North Carolina. Oct. 3, 1868.

BANKRUPTCY—DISCHARGE—EXAMINATION OF BANKRUPT—HOW PROCURED.

Before a bankrupt can be discharged he must be examined by the register upon all matters touching his bankruptcy; the assignee or creditors may appear at such time and examine the bankrupt; should they desire any other time to examine him, the proper way is to petition to the court for that purpose. If the application is made directly to the judge, instead of through the register, it is not necessary that such application be sustained by any certificate of the register as to the propriety of granting such order.

[Cited in Re Solis, Case No. 13,165; Re Belden, Id. 1,238; Re Vetterlein, Id. 16,-926; Re Dole, Id. 3,965.]

In bankruptcy.

Certificate of William A. Guthrie, Register.

The following questions arose in the course of these proceedings, and were stated and agreed to by the attorneys for bankrupt and creditors: I. Whether an order for the examination of a bankrupt, under the twenty-sixth section of the bankrupt act [1867; 14 Stat. 529], must not be the order of the court instead of a mere paper in the form of an order, issued to the register by the clerk of the court, and filled up by the register. II. Whether, if such paper is to be considered an order of the court, it can be issued except on the application of the assignee or a creditor, allowed by the judge; or, if issued without application, whether it must not be on the certificate of the register that in his opinion such examination is necessary. The facts are as follows: On the 1st day of September, 1868, at 10 o'clock a. m., the bankrupt, George Brandt, made his personal appearance at my office, accompanied by his counsel, T. C. Fuller, Esq. The said Brandt so appeared in obedience to an order for his examination issued by me in accordance with form No. 45, and return properly executed. Said order was a blank form furnished under rule II. of the general order, by the clerk of the district court, signed by him with his official seal affixed, and properly filled up by me, and was issued on the written application of H. B. Claflin & Co., creditors, who have proved their claims against said bankrupt. The application is herewith enclosed, marked with the letter C. At the time appointed, John W. Hinsdale, Esq., attorney for H. B. Claflin & Co., creditors, appeared for the purpose of taking the examination of said bankrupt, and asked leave to do so, whereupon the bankrupt, under the advice of his counsel, refused to submit to the examination, and asked that the question herewith enclosed should be certified to his honor, G. W. Brooks, for decision.

Opinion of the register, W. A. Guthrie:

As to the first question, it seems to me that in order to give to rule II. of the general order, any effect at all, that the register is authorized to fill up the blanks furnished him by the clerk under his signature, and with his official seal affixed. I cannot see that there can be any doubt whatever that form No. 45, "Order for Bankrupt's Examination," is one of the blanks which, under said rule II., the clerk is required to furnish to the register, and it appears to me absurd to require the clerk to furnish the register a form which a register has no authority for using after he gets it. I think the supreme court must have intended rule II. as providing a remedy for the delay which would be occasioned by an application to the district judge every time a bankrupt is to be examined. And further, it is obvious that the district judge could not possibly understand the business arrangement of his registers, so as to be able to appoint the time and place for examination to suit their convenience. I can imagine a case, however, in which I think a register would not be authorized to issue an order for the bankrupt's examination, viz.: In the court (and it of course would rarely happen), that at the time of the application (which is an ex parte proceeding) the bankrupt should be present and raise opposition; in that case I think the judge should make the order.

I pass on to the second question. I take it for granted that the blank form No. 45, when properly filled up by a register, has the same effect and validity as if filled up by the clerk at the dictation of the judge, and is, as it purports to be, an order of the court. It will be seen that question No. 2 is divided into two alternatives: First, "whether, if such paper is to be considered an order of the court, it can be issued except on the application of the assignee or a creditor allowed by the judge." As I cannot see any necessity for the application to the judge, I confess, reasoning from general principles, without any law to my knowledge expressly prescribing the practice to be followed, I cannot believe there can be any law to that effect. It seems to me unreasonable that in an ex parte proceeding of that kind, when there is no opposition, where a register is empowered to act, and is furnished with papers necessary for that purpose, that before he can issue an order, the party who desires it must get an allowance

[1] [Reprinted by permission.]

to that effect from the judge on direct application to him.

There is another reason on which I base my opinion, viz.: A register must, from the nature of his official duties, come in direct contact with both creditors and debtors, and of course has better advantage than the judge for ascertaining whether or not creditors are disposed to use the rights given them by the bankrupt act, for the purpose merely of harassing and annoying the bankrupt, which the register could very easily prevent by requiring the application to be made on affidavit. As to the second part of question No. 2, viz.: "Or if issued without application (that is, to the judge), whether it must not be on the certificate of the register that in his opinion such examination is necessary." Now, as to this part of the question, it appears to me entirely useless that any such certificate should be made. It is not reasonable to suppose that a register would issue an order when he regarded it unnecessary, and its necessity must be inferred from the fact that the order is issued. Why then is a certificate necessary? Is it to enable the judge to form a correct opinion as to whether the order should be made? Then in doing so he must rely on the judgment of the register. But it will be seen that question No. 2 starts out with the supposition that the blank, as filled up by the register, is the order of the judge. Then is the certificate necessary to prevent a register from oppressing the bankrupt, except by certifying what he believes to be a falsehood in so doing. A register, it seems to me, who would knowingly use his official position in a manner so as to do injustice to either creditor or debtor, or in any way permit it in others, would be guilty of nothing less than perjury, being sworn to "discharge his duties faithfully," and, in my opinion, such an officer would not hesitate to certify anything.

There are other reasons which I might mention, but I deem it unnecessary to do so.

T. C. Fuller, for bankrupt.
John W. Hinsdale, for creditors.


BROOKS, District Judge. To the first question embraced in the certificate of Mr. Register Guthrie in this case, my answer is that any bankrupt, before he can be discharged, must be examined by the register upon all matters touching his bankruptcy, and he must appear before the register for this purpose. He does this under order of a court made always upon his petition for final discharge. If the creditors or assignee appear at such time and place, they may then examine him. If a creditor or the assignee desires at any other time to examine the debtor, they must, of course, make such desire known to the court, and it is as clear that in bankruptcy proceedings the proper way to do this is by petition to the court, otherwise the court could know nothing of the desire of the creditor. If a special application be made by the creditors, they may be made to the register, and he may order the examination, and fill up and direct the execution of the summons to the bankrupt. If the application be made to the judge, it is not necessary that such application should be sustained by any certificate of the register as to the propriety of granting such order.